OPINION
{¶ 1} Defendant-appellant, Donnell Goodbread, appeals from his conviction and sentence for attempted murder and felonious assault, following a jury trial in the Butler County Common Pleas Court.
 {¶ 2} On October 16, 2002, the Butler County Grand Jury indicted appellant on one count of attempted murder, pursuant to R.C. 2923.02(A), and one count of felonious assault, pursuant to R.C. 2903.11(A)(2). The charges arose from an incident in which appellant, age 23, stabbed Christopher Riley, age 17, at least 17 times, after Riley intervened in an argument that appellant was having with his girlfriend, K.T., age 15, whom Riley had formerly dated. Following a jury trial, appellant was convicted of both counts and sentenced accordingly. Appellant now appeals from his conviction and sentence.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "The trial court erred to the prejudice of Defendant-Appellant when it instructed the jury regarding flight from jurisdiction."
 {¶ 5} Appellant argues that the trial court abused its discretion by providing the jury with an instruction regarding his alleged flight from the jurisdiction in which the stabbing occurred. He asserts that he did not flee after the incident, but merely returned to his home in Cincinnati, and that "his leaving the scene had a perfectly innocent explanation and was not evidence of any consciousness of guilt at all." We disagree with appellant's argument.
 {¶ 6} The instruction at issue stated as follows:
 {¶ 7} "Testimony has been provided by the State indicating that the defendant fled the jurisdiction. In regard to this evidence, you are instructed that flight from justice, concealment, assumption of a false name and related conduct in and of itself does not raise a presumption of guilt, but it may tend to show a consciousness of guilt on the defendant or a guilty connection with a crime.
 {¶ 8} "If you find that the defendant's conduct was not motivated by a consciousness of guilty [sic] or if you are unable to determine what the defendant's motivation was, you should not consider this evidence for any purpose.
 {¶ 9} "However, if you find that the testimony is true, and if you find that the defendant's conduct was motivated by a consciousness of guilt, you may consider that evidence in determining whether or not the defendant is guilty of one or more of the offenses charged. You alone will determine the weight, if any, to be given to this evidence."
 {¶ 10} The Ohio Supreme Court has upheld the use of an instruction on flight that was similar to the one given here. SeeState v. Taylor, 78 Ohio St.3d 15, 27, 1997-Ohio-243
("instruction on flight was neither arbitrary nor unreasonable, and did not create an improper mandatory presumption"). See, also, State v. Farley (Nov. 2, 1998), Clermont App. No. CA98-01-004. Use of this instruction has been upheld even in situations where an accused's leaving the crime scene is consistent with his innocence. State v. Wagner (July 14, 2000), Lake App. No. 99-L-043.
 {¶ 11} Here, there was ample evidence presented at trial to support the trial court's decision to give the jury an instruction on flight. Appellant's fleeing from Butler County to Hamilton County after he repeatedly stabbed Riley was strongly indicative of his consciousness of guilt, and thus of his guilt on the offenses with which he was charged. See State v.Williams, 79 Ohio St.3d 1, 11, 1997-Ohio-407, quoting State v.Eaton (1969), 19 Ohio St.2d 145, 160. Specifically, the evidence showed that after he stabbed Riley, appellant ran to catch a bus home to Cincinnati. At some point along the way, he simply "dropped" the knife he used to stab Riley. He also admitted to throwing away the bloody clothes he was wearing at the time of the incident. Moreover, he never made any attempt to contact law enforcement officials to report the incident. Under these circumstances, the trial court did not abuse its discretion by providing the jury with an instruction on flight.
 {¶ 12} Appellant's first assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The trial court erred to the prejudice of defendant-appellant when it permitted improper argument by the state during final arguments."
 {¶ 15} Appellant alleges that the prosecutor made improper comments during his closing argument by telling the jury that, "because of his experience," he knew that Riley's wounds were inconsistent with his having been the aggressor. Appellant argues that by making such comments, the prosecutor "insinuated" that he knew Riley was telling the truth about his having been attacked by appellant. Appellant asserts that it was improper for the prosecutor to make such comments, apparently on the grounds that it improperly bolstered his own witness' credibility.
 {¶ 16} However, a careful reading of the prosecutor's closing argument reveals that he was not stating his personal opinion about Riley's credibility, but instead, merely reading from the deposition of Riley's treating physician, which had been admitted into evidence. Consequently, the trial court did not err by failing to exclude the prosecutor's statement, and appellant's trial counsel did not provide constitutionally ineffective assistance by not objecting to those statements.
 {¶ 17} Appellant's second assignment of error is overruled.
 {¶ 18} The trial court's judgment is affirmed.
Valen, P.J., and Powell, J., concur.